```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**MICHAEL STAR, #339637**

        **Petitioner,**

**v.**                                                    **2:05CV604**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

### A.   Background

On November 9, 1999, in the Circuit Court of Fairfax County, Virginia, petitioner was convicted of petit larceny, third or subsequent offense, and was sentenced to serve two years imprisonment. Petitioner did not appeal his conviction. Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Fairfax County, but the petition was dismissed on April 25, 2002. Petitioner appealed the dismissal of the habeas petition in the Supreme Court of Virginia, but the appeal was refused on September 19, 2002. Petitioner then filed a petition for writ of habeas corpus in this Court, alleging the same claim raised herein regarding the purported unconstitutionality of section 18.2-104, of the Virginia Code. On July 29, 2003, the petition was dismissed pursuant to

the statute of limitations. Petitioner has also filed a Rule 60(b) "motion to vacate" in that same case, attacking the constitutionality of section 18.2-104, of the Virginia Code. The motion is pending in this Court.

On October 5, 2005, petitioner filed a petition for writ of habeas corpus in this Court. On October 26, 2005, respondent filed a motion to dismiss and Rule 5 answer, arguing that the petition should be dismissed as successive. On November 1, 2005, petitioner filed a "Motion to Voluntarily Dismiss as a Nonsuit." This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's sole ground for relief is that section 18.2-104, of the Virginia Code, is unconstitutional.

### II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if

2

recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than

3

simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### D.  The Petition is Successive.

Petitioner filed a previous habeas petition, under the name of "Michael McEvily," in this Court, which was dismissed on July 29, 2003, pursuant to the statute of limitations.  (Civil Action 2:03CV10.) Petitioner appealed the dismissal of the petition to the Fourth Circuit Court of Appeals, but on February 20, 2004, the Fourth Circuit also dismissed the appeal pursuant to the statute of limitations.

Petitioner is now barred from pursuing habeas relief in this Court because he has failed to comply with the requirements of 28 U.S.C. § 2244, which authorizes successive petitions for a writ of habeas corpus only upon the condition that "before a second or successive application . . . is filed in the district Court, the applicant shall move in the appropriate Court of appeals for an order authorizing the district Court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Case law supports the gatekeeping function of 28 U.S.C. § 2244, in requiring a prisoner seeking to file a successive application for habeas relief to apply directly to the Court of Appeals. Graham v. Costello, 299 F.3d 129 (2nd Cir. 2002); In Re: Michael A. Clemmons, 259 F.3d 489 (6th Cir. 2001); Daniels v. United States, 254 F.3d 1180 (10th Cir. 2001); In Re: Byron Jones, 226 F.3d 328, 330 (4th Circuit 2000); Felker v. Turpin, 518 U.S. 651, 664 (1996).  The Court of Appeals then applies the proper AEDPA substantive standard and within thirty days of the date of filing, either grants or denies the prisoner permission to proceed in the district

4

court. See Daniels, 254 F.3d at 1186. The petition is successive and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); Fed.R.Civ.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will

result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                              /s/
                                       **James E. Bradberry**
**Norfolk, Virginia**                          **United States Magistrate Judge**

    **November 22**, **2005**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Michael Star, #339637, <u>pro</u> <u>se</u>
    Greensville Correctional Center
    901 Corrections Way
    Jarratt, VA  23870


    Stephen R. McCullough, Esquire
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219


                             Elizabeth H. Paret, Clerk


                             By _____
                                       Deputy Clerk

                           _____, 2005