```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
                        Norfolk Division
```

**MICHAEL STAR, #339637**

        **Petitioner,**

v.                                        2:05CV604

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on November 9, 1999, in the Circuit Court of Fairfax County, Virginia, for petit larceny, third or subsequent offense, as a result of which he was sentenced to serve two years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on November 22, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on December 1, 2005, a document entitled "Response to Magistrate's Report and Recommendation of 11-22-05," which is construed as objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made <u>de novo</u> findings with

respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed November 22, 2005. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis that the petition is successive and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusion on the grounds that there is a "fundamental miscarriage of justice," the objection is without merit. Petitioner could have challenged the constitutionality of the statute under which he was convicted at trial and on direct appeal, but did not do so.

To the extent that petitioner asserts that his petition should be allowed for the purpose of challenging the constitutionality of the statute because of the harm imposition of sentence under such statute imposes, his claim is without merit. Petitioner has previously been in federal court seeking habeas relief for a question so close to the one now before the Court that there is no doubt his petition is successive.

Finally, there is little merit in permitting petitioner to nonsuit the petition, the Court having a reasonable expectation that petitioner will again seek to appear in this Court for resolution of the matters he has raised herein. It is more appropriate for the Court to act on the petition, as it stands, than to permit the petition to be nonsuited, only to appear at a later time.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing

of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

       The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/
Rebecca Beach Smith

Norfolk, Virginia

January 26, 2006